UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ALAN PRENTISS, an individual, | Case No. 2:18-cv-01628-MMD-NJK |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| THOR MOTOR COACH INC., *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiff Alan Prentiss initiated this lawsuit in state court against Defendants Thor Motor Coach Inc. ("TMC"), "Camping World, Inc." (properly "CWI, Inc." and hereinafter "CWI")[1] and Wheeler RV Las Vegas, LLC ("Wheeler") concerning the purchase of a motor home that has fallen short of Plaintiff's expectations. (ECF No. 1 at 6–12; ECF No. 57-1 (corrected image).) Defendants removed the case based on federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1.).[2] *Inter alia* before the Court is Plaintiff's motion to remand ("Motion") (ECF No. 10). For the reasons stated below, the Court will grant the Motion.

**II.   BACKGROUND**

The facts are taken from the original complaint (ECF No. 57-1).

This action arises from Plaintiff's purchase of a new 2017 Thor Hurricane ("Motor Home") from CWI, by and through its franchisee, Wheeler for $154,662.02. The Motor Home was manufactured, warranted and supplied by TMC.

///

---

[1] Defendants indicate that the proper name is CWI. Inc, not "Camping World, Inc." as provided in the original complaint and FAC. (*See, e.g.*, ECF No. 18 at 1.)

[2] The Court has considered the relevant responsive brief (ECF No. 16) and reply (ECF No. 19).

In connection with Plaintiff's purchase of the Motor Home TMC issued and supplied Plaintiff a written warranty, which includes 12 months or 15,000 miles unlimited mileage coverage and 24 months or 24,000 miles structural coverage. Shortly after Plaintiff took possession of the Motor Home, he witnessed defects and conditions necessitating substantial repairs. However, the repairs were either faulty and or incomplete, and ultimately put the Motor Home out of service for an extended period of time "and counting." (*Id.* at 4.) Plaintiff made a demand for compensation and revocation of acceptance. Plaintiff filed the lawsuit because efforts to reach settlement were futile. Plaintiff's state court complaint alleged two claims for relief: violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2310 ("the Act")—a federal statute—and revocation of acceptance under NRS § 104.2608. (ECF No. 57-1.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). Whether federal question jurisdiction exists is based on the claims asserted on the "face" of the complaint at the time of removal. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining the "well-pleaded complaint rule.").The Court has federal question jurisdiction under 28 U.S.C. § 1331 as to "only those cases in which a well-pleaded complaint establishes either that [1] the federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Potter v. Hughes*, 546 F.3d 1051, 1064 (9th Cir. 2008) (alteration in original) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)).

1  The party seeking removal bears the burden of establishing federal jurisdiction by
2  a preponderance of the evidence standard. *Durham v. Lockheed Martin Corp.*, 445 F.3d
3  1247, 1252 (9th Cir. 2006). A removing defendant must "provide evidence establishing
4  that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional
5  minimum. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations
6  omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted
7  the "practice of considering facts presented in the removal petition as well as any
8  'summary-judgment-type evidence relevant to the amount in controversy at the time of
9  removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)
10 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).
11 Conclusory allegations are insufficient. *See id.* at 1090–91 (citation omitted).

## IV.     DISCUSSION

Defendants removed the action based on Plaintiff's assertion of a claim under the Act, and alleging Plaintiff seeks damages in excess of $50,000 (ECF Nos. 1, 1-1, 1-2 (TMC consenting to removal)). The Court rejects jurisdiction here, finding Defendants fail to demonstrate that the latter was true at the time of removal.[3]

The Act creates a private right of action for failure to comply with the terms of a written warranty. *See, e.g.*, *Millicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917–19 (9th Cir. 2005). Such is the gist of the claim Plaintiff asserted in his original state court complaint as count 1 (*see* ECF No. 1-1 at 11 ("Count I—Breach of Written Warranty Pursuant to the Magnuson-Moss Warranty Act")). However, a claim may only be brought in federal court under the Act where there is an amount in controversy, "computed on the basis of all claims to be determine in [the] suit[,]" of at least $50,000. 15 U.S.C. § 2310(d)(3); *see also Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1040 (9th Cir. 2004)

///

---

[3]Although Plaintiff does not challenge the amount in controversy in the Motion (*see generally* ECF No. 10), the Court examines the issue *sua sponte*. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

(recognizing the Act's $50,000 jurisdictional prerequisite); *Baldwin v. Jarrett Bay Yacht Sales, LLC*, 683 F. Supp. 2d 385, 392 (D. N.C. 2009) ("Congress then expressly authorized state court jurisdiction for actions 'under a written warranty' that failed to meet the $50,000 federal jurisdictional requirements of 15 U.S.C. § 2310(d)(3)."). In the petition for removal, Defendants particularly contended that "[a]ccording to Paragraphs 14 and the WHEREFORE sections immediately following Paragraphs 38 and 45 of his state court Complaint, plaintiff demands a refund of the $154,662.02 that he paid for the motorhome at issue, along with other damages." (ECF No. 1 at 1-2; *see also* ECF No. 57-1 at 6, 8.) The Court disagrees.

In the removed complaint, Plaintiff only sought to recover the diminution in value of the Motor Home, any equitable relief the state court deemed appropriate, damages in excess of $15,000 under each claim and other fees and costs. (ECF No. 57-1 at 6, 8.) Under the Act, the amount in controversy requirement is exclusive of costs and interest. 15 U.S.C. § 2310(d)(3)(B). And, based on Plaintiff's artful pleading, the state court complaint did not render it plausible that there was an amount in controversy in excess of $50,000 (*see* ECF No. 57-1) at the time of removal.[4] *See, e.g.*, *Ezell's Fried Chicken v. Stephens*, 2011 WL 13228567, at * 1 (W.D. Wash. Mar. 1, 2011) (explaining that as master of the case, a plaintiff may defeat removal by only asserting state law claims although she is able to maintain her claims on both state and federal grounds); *Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). The Court will therefore remand this action.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines

///

///

---

[4] Plaintiff's subsequent filing of his amended complaint in this Court seeking relief of the cost of the Motor Home (ECF No. 14 at 8) does not change the Court's conclusion that Defendants were not entitled to remove the action when they did.

4

that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 10) is granted.[5]

It is further ordered that this case be remanded to the Clark County, Nevada District Court because it is dubious whether the applicable requirements for removal were met at the time Defendants removed this action.

It is further ordered that Defendants' counter motion for attorneys' fees (ECF No. 17) and motion to change venue (ECF No. 24) are denied as moot.

It is further ordered that the Clerk close this case.

DATED THIS 15th day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[5]Plaintiff included a request for attorneys' fees in this motion in violation of LR IC 2-2(b), which requires that each type of relief requested must be filed in a separate document. The Court denies Plaintiff's request for attorneys' fees on this basis. The Court further finds that attorneys' fees are not warranted even disregarding the procedural defect.